IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO MORALES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 5:25-cv-457-MTT-ALS |
| v. | : | |
| | : | |
| Warden TEKETA JESTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

*Pro se* Plaintiff Luis Alberto Morales, a *pro se* prisoner at Baldwin State Prison in Hardwick, Georgia, filed a complaint under 42 U.S.C § 1983. (Doc. 1). Plaintiff must recast his complaint as instructed below.

**INITIAL REVIEW OF COMPLAINT**

In accordance with the Prison Litigation Reform Act, federal courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a).

On January 7, 2025, Plaintiff pled guilty to two counts of statutory rape in the Superior Court of Chatham County, Georgia. (Doc. 1-1, at 7, 8). Plaintiff was sentenced to ten years, with five to serve in prison concurrently on each count. *Id.* at 8. The Superior Court of Chatham County chose not to sentence Plaintiff as a repeat offender although Plaintiff had a prior conviction for a felony sexual offense. *Id.* at 7. Plaintiff complains that (1) the sentence imposed upon him is unlawful because recidivism cannot be waived; and (2) he should have received a life sentence because of his status as a repeat offender. (Doc. 1, at 5-6). Therefore, he requests that this Court declare his sentence void and release him from prison. *Id.* at 6.

It is unclear whether Plaintiff intends for his pleading to be a federal habeas corpus action under 28 U.S.C. § 2254 or whether he is alleging a civil rights violation under 42 U.S.C § 1983. To state a claim under § 1983, a plaintiff must allege the defendants deprived him of a right under the U.S. Constitution or federal law and that the deprivation was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). On the other hand, "any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under [42 U.S.C.] § 1983[.]" *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (citations omitted). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Conversely, the Supreme Court of the United States has clarified that "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003) (alterations in original) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999)). Release from prison or any criminal conviction is not available as a remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Monetary damages are available in a § 1983 action but not in a habeas action. *See Preiser*, 411 U.S. at 493, 500. Plaintiff's Complaint does not appear to seek redress via monetary damages.

Accordingly, if Plaintiff is challenging the fact or validity of his confinement and he seeks his release from state prison, then the proper cause of action is a § 2254 habeas petition. Plaintiff

is advised, however, that any petition for habeas corpus relief is subject to the exhaustion doctrine. *See* 28 U.S.C. § 2254(b). Thus, a prisoner is required to exhaust all available state remedies before he may go forward with a habeas action in federal court. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required in all habeas cases), *overruled in part on other grounds as recognized by Santiago-Lugo v. Warden*, 785 F.3d 467, 472 (11th Cir. 2015). To exhaust, a prisoner must "fairly present[ ]" every issue raised in the petitioner's federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires "that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Thus, if Plaintiff has failed to first pursue a review of his conviction and sentence in a state superior court, the Court of Appeals of Georgia, and/or the Supreme Court of Georgia, he is barred from seeking habeas relief from a federal district court.

However, if Plaintiff instead seeks to complain about the events surrounding his arrest, conviction, and/or the conditions of his confinement, he should recast his complaint on the Court's standard § 1983 form. In so doing, he cannot request to be released from incarceration, and it is usually futile to name the judge who presided over his criminal proceedings or the prosecutors who prosecuted him as Defendants in a § 1983 civil action. *See generally*, *Heck*, 512 U.S. at 481; *Allen v. Fla.*, 458 F. App'x 841, 843 (11th Cir. 2012) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'"); *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431

3

(1976))) ("'[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'").

Plaintiff is further advised that this Court may be barred from considering a § 1983 claim that alleges that the criminal proceedings underlying his present imprisonment were somehow wrongful. The Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck,* 512 U.S. at 486-487. Thus, if Plaintiff intends to assert a § 1983 action that alleges false imprisonment or malicious prosecution, he cannot do so until the underlying conviction that initially placed him on probation or his present probation revocation sentence has been overturned or deemed invalid. *See id.*

After considering this Court's guidance above, if Plaintiff still wishes to pursue a federal claim,[1] he must recast his complaint on the proper form for the legally actionable federal claim he wishes to bring. If Plaintiff is challenging his state court conviction and seeks his release, he must recast his allegations on the Court's standard § 2254 form petition and specifically include all previous challenges he has made to his conviction in the state superior and/or appellate courts of Georgia. If instead, Plaintiff wants to complain about the conditions of his confinement and seek monetary compensation, he should recast his allegations on the Court's standard § 1983 form. Conversely, if Plaintiff wants to pursue both a habeas corpus claim pursuant to § 2254 and a § 1983

---

[1] At this early stage in the litigation, Plaintiff is advised that he does have the additional option to request that this Court dismiss this civil action without prejudice so that he may exhaust his state court remedies, if he has not done so, or to pursue remedies through administrative offices or other entities that may grant him the relief he seeks, or for any other reason he deems necessary. *See* Fed. R. Civ. P. 41(a)(1)(A).

claim then he must file separate actions for the different type of claims and pay the filing fees for each. **Plaintiff cannot pursue both a habeas action pursuant to § 2254 and a §1983 action under one civil action number.** Thus, if Plaintiff pursues both types of actions then he should include this civil action number on only one of the complaint forms and the other complaint form will be assigned a new civil action number. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to choose the federal civil action he intends to pursue and to recast his complaint on the appropriate form as instructed. The recast complaint shall supersede (take the place of) the initial pleadings and this Court will not look back at his prior pleadings to determine whether Plaintiff has an actionable claim.

## CONCLUSION

Plaintiff has failed to submit a proper complaint before the Court. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Complaint on the appropriate form for the type of federal civil action he intends to pursue as instructed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order of the Court. **Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**

The Clerk of Court is **DIRECTED** to forward to Plaintiff a copy of the § 2254 and § 1983 standard forms for Plaintiff's use in complying with this Court Order.

**SO ORDERED**, this 3rd day of November, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE